## COBIÁN *v.* RIVERA.

### APPEAL from the District Court of San Juan.

No. 28.—Decided December 24, 1904.

UNLAWFUL DETAINER.—Where the ejectment of a defendant from a rural estate is decreed in an action of unlawful detainer, he must vacate and be ejected from every part of the land included within the area defined by the court in fixing the boundaries in the description of the property involved in the action.

ID.—EXECUTION OF JUDGMENT.—The fact that there is a greater or less acreage
    included within the boundaries of the property involved in the action of un-
    lawful detainer than is mentioned by the court is not a matter which may be
    determined and defined in proceedings for the execution of a judgment,
    but should be disposed of in an action of a different character.

JUDGMENT.—Judgment rendered in a case cannot affect persons who have not been
    heard and defeated therein, and such persons must seek protection of their
    rights before the proper court and in the proper manner.

APPEAL—EXECUTION OF JUDGMENT.—An appeal lies from decisions rendered by
    inferior courts in proceedings for the execution of judgment in cases where
    such decisions have held contrary to final judgments.

### STATEMENT OF THE CASE.

This is an action of unlawful detainer of a rural estate,
prosecuted in the District Court of San Juan by Rafael Cobián
y Romeu, an attorney-at-law, property owner and a resident
of Bayamón, against Macario Rivera y Morales, a resident of
Naranjito, and proceedings for the execution of the judgment
rendered therein. The case is pending before us on an ap-
peal taken by Cobián Romeu in his own behalf, the respondent
being represented by Attorney Manuel F. Rossy.

On November 17, 1901, Rafael Cobián y Romeu filed a peti-
tion in the Municipal Court of Naranjito praying that Macario
Rivera be required to vacate within the term of one month
the real estate belonging to Cobián, and situated in *barrio*
Cedro-Abajo, within the jurisdiction of the said town, and con-
sisting of 129.5 *cuerdas* of land bounded on the east by lands
belonging to Isaac Morales; on the north by those of Bernabé
Berríos and Raimundo Morales; on the west by Francisco
Rodríguez, and on the south by the lands of Braulio and Isaac
Morales, and that at the same time an inventory be made of
the buildings situated upon the said lands.

The court granted the said petition, and the requirement
having been made upon Macario Rivera in the manner re-
quested, the inventory above referred to was made and the
same included a dwelling house built of native wood, with a
shingle roof, a shed and kitchen with galvanized iron roofs,
a store house, also built of native wood and with a galvanized

iron roof, a machine house with a straw roof, a shed with a straw roof, used as a stable, and six cars and three rail tracks, all in good condition. Rivera protested against this inventory, alleging that the things included in the same did not belong to the real estate in question, since the buildings were not situated thereon, as he proposed to prove in due time befor a competent court.

On December 26th following, Rafael Cobián filed a complaint in the District Court of San Juan against Macario Rivera Morales, in an action of unlawful detainer, to compel the defendant to vacate the property or estate hereinbefore described. Rivera answered the complaint, alleging among other facts, that the boundaries stated by the plaintiff were not the boundaries of the property, since on the north it adjoins lands belonging to Josefa Morales, which is a very important fact, because Cobián pretended that the property of the said Josefa Morales, consisting of 86 *cuerdas,* together with the house and buildings thereon situated, should be included in, and form a part of, the property which is the object of this suit.

The District Court of San Juan, by a judgment rendered November 28, 1902, sustained the action of unlawful detainer and required Macario Rivera y Morales to vacate within the term of twenty days the property included within the boundaries described by Cobián and which judgment was affirmed by this Supreme Court on appeal by the decision rendered June 26th of last year.

After Macario Rivera was required to vacate the property and the other proceedings were had for the execution of the judgment, the District Court of San Juan made an order on October 29th of last year for the ejectment of Macario Rivera and directing the marshal of the said court to go to the property in question for that purpose, and designating the expert surveyor, Rubio Arana, for the identification of the property, the said order providing that notice of the same should be

served upon the parties in order that within two days they
might make such statements as they might deem proper in
support of their rights but with the warning that if they
should fail to do so the identification would be effected by the
said expert. As the aforesaid expert was ill, on the 23d of
the same month of October, the expert surveyor, José María
Ricarte, was appointed to substitute him, and of which ap-
pointment the parties were to be notified with the same warn-
ing provided for in the order of the 19th.

Counsel for Macario Rivera filed a petition on October 28th
praying: (1) That the appointment of Bartolomé Llovet be
accepted as the expert of Macario Rivera in order that he and
the other expert might proceed to measure and identify the
property composed of 129.5 *cuerdas* claimed by Cobián. (2)
That a term be fixed within which the said experts shall finish
their work and present their report. (3) That in case of a
disagreement between them a third expert be designated to
adjust such differences. (4) That after the property shall
have been identified and measured that the marshal place
Cobián in possession of the same. An order was made on
October 30th denying the requests contained in the said peti-
tion of Macario Rivera, and directing that the order made on
the 23d of the said month be immediately complied with, and
for which purpose the expert José María Ricarte would be
notified of his appointment in order that he might accept the
same and take the oath, and that thereafter the marshal pro-
ceed, accompanied by the said expert, to eject the said Macario
Rivera from the 129.5 *cuerdas* of land belonging to Rafael
Cobián, after defining the boundaries of the same.

Macario Rivera asked that the order of October 30th be
made so as to provide that his expert, together with Cobián's
expert, proceed to identify and measure the 129.5 *cuerdas* of
land, and by an order of November 3d the court refused to
modify its said order, but provided that Rivera might be pres-
ent at the identification of the property and designate, on his

own account, an expert who might take part in the matter, the result of which, in case of a disagreement, should be set out in a written instrument; but that the absence of such expert, or his failure to express an opinion should not be an impediment to the carrying out of the identification and the ejectment.

Upon the identification of the land being effected by the expert, José María Ricarte, assisted by Bartolomé Llovet as the expert of Macario Rivera, Medardo Rivera representing his mother, Josefa Morales, presented the record of a proceeding to secure a possessory title commenced in the month of August, 1903, and recorded in the registry of property, to prove that a part of the land claimed by Rafael Cobián belonged to her. After the necessary labor had been finished, the expert Ricarte expressed the opinion that the present boundaries of the property are: On the north the lands of Raimundo, José Engracia, and Isaac Morales; on the south formerly by those of Braslio Morales and now Cobián y Compañía, Cayetano Seramis and Isaac Morales; on the east the lands belonging to Isaac Morales and those formerly belonging to Angela Matos, and now to Pablo Santiago; and on the west the lands formerly belonging to Francisco Rodríguez, but now belonging to Macario Rivera; that the lands within the said boundaries include the property to which the writ of ejectment refers, and also the lands referred to in the possessory title of Josefa Morales, which lands, and the tract ordered to be identified, are bounded on the north by the same property; and the expert Llovet stated that it is impossible to identify the property claimed by Cobián because the boundaries thereof could not be exactly determined, and that the surveys of the tract of land referred to must of necessity measure more than the 129.5 *cuerdas,* as stated in the order of ejectment.

The expert Ricarte presented his report to the court, together with a drawing of the property showing its boundaries,

which is the result of the investigation made, and which are the same as hereinbefore stated, separating by means of a red line the lands referred to in the possessory title of Josefa Morales and included within the said boundaries, and upon which the buildings are situated.

As the marshal did not eject the said Macario Rivera from the property, Rafael Cobián asked that he be so ejected and that he be put in possession of the property, the boundaries of which had been established by the expert Ricarte, and the court, by the order made on November 30th of last year, denied this petition and directed that the said expert proceed to determine on the land the acreage indicated in the drawing and that he should measure within the western, southern and eastern boundaries the 129.5 *cuerdas* pertaining to the property which is the object of the suit, and fix the northern boundary where it belongs, after which the marshal might proceed to eject Macario Rivera, or any other person who might be in possession in his name, from the property within the boundaries so established by the expert.

Rafael Cobián filed a petition praying for a modification of the said order, and after the proper proceedings were had in pursuance of this remedy, which was opposed by the adverse party, his said petition was denied by the San Juan court by an order made on the 29th of the following month of December.

From this order of December 29th Rafael Cobián took an appeal, which was allowed, and the record having been sent up to this Supreme Court, after citation of the parties, and the same having been submitted to them for their information, a day was set for the hearing which was held in due time, counsel for the respondent being present.

*Mr. Cobián,* for appellant.

*Mr. Manuel F. Rossy,* for respondent.

MR. JUSTICE HERNÁNDEZ, after making the foregoing statement of facts, delivered the opinion of the court.

The action of unlawful detainer filed by Rafael Cobián against Macario Rivera, and sustained by the executory judgment, involved an estate situated in *barrio* Cedro-Abajo, within the municipal jurisdiction of Naranjito, composed of 129.5 *cuerdas* of land bounded on the east by lands of Isaac Morales; on the north by those of Bernabé Berríos and Raimundo Morales; on the west by the lands of Francisco Rodríguez, and on the south by those of Braulio and Isaac Morales, and therefore the ejectment ordered, in compliance with the said judgment, should include the area comprised within the boundaries aforesaid.

According to the opinion of the expert, José María Ricarte, the present boundaries of the property in question are the ones which appear in his report and the drawings submitted to the San Juan court, there being not the slightest doubt on the part of the court or the parties to the action as to the western, southern and eastern boundaries, the dispute being confined to the location of the northern boundary which can be no other than that indicated by the expert Ricarte, inasmuch as Josefa Morales does not appear in the action as the adjoining property owner on the north; and although this allegation was made by Macario Rivera in his answer to the complaint, stating that Cobián sought to include the property of Mrs. Morales, consisting of 86 *cuerdas* upon which the house and buildings are situated, within the boundaries of the property which is the object of the suit, that allegation was denied by the fact that the action of unlawful detainer was sustained with respect to the boundaries therein described.

The exact number of *cuerdas* of land which may be included within the boundaries of the property which is the object of the action of unlawful detainer has not been questioned herein, nor would it be proper to determine or define the same in a proceeding for the execution of judgment, because it is a matter which is extraneous to such proceedings and must be determined in another action.

If Josefa Morales, who has not been a party to this action, considers that she has a right to a portion of the lands involved in the action of unlawful detainer, she can go about the enforcement of those rights before the proper court and in the proper manner.

In view of the foregoing, the District Court of San Juan, in rendering the order appealed from, having proceeded contrary to its final judgment, that is to say, its decision of November 28, 1902, which was affirmed by this Supreme Court on June 27th of the following year, the appeal taken herein should be sustained.

We adjudge that reversing, as we do reverse, the order of November 29th of last year and the concordant order made on the 30th of the month of November previous, we should order, and we do order, that Macario Rivera be ejected from the land described in the complaint and included within the boundaries mentioned by José María Ricarte in his report and drawing, reserving to the said Macario Rivera and Josefa Morales such rights as they may consider themselves entitled to, and which they may exercise in the proper manner, if they think proper so to do, with costs against Macario Rivera. The record herein is ordered to be returned to the District Court of San Juan together with the proper certificate.

*Reversed.*

Chief Justice Quiñones and Justices Figueras, MacLeary, and Wolf concurred.